IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN CRAFTSMAN CONTRACTING, LLC<br><br>Plaintiff,<br><br>vs.<br><br>WARSON DEVELOPMENT, LLC, SCHLAFLY ILLINOIS, LLC, and DAVID SCHLAFLY,<br><br>Defendants. | Case No. 24-CV-2441-SMY |

# MEMORANDUM AND ORDER

Plaintiff American Craftsman Contracting, LLC filed this breach of contract action in the Circuit Court of St. Clair County, Illinois, seeking damages and equitable relief against Defendants Warson Development, LLC ("Warson"), Schlafly Illinois, LLC, and David Schlafly. Defendants Warson and Schlafly removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

Now pending before the Court is Plaintiff's motion to remand (Doc. 9), which Defendants Warson Development, LLC and David Schlafly oppose (Doc. 10)[1], and Defendant Schlafly's motion to dismiss (Doc. 13), Plaintiff opposes (Doc. 15). For the following reasons, Plaintiff's motion to remand is **DENIED** and Defendant Schlafly's motion to dismiss is **GRANTED in part**.

---

[1] Plaintiff's Reply to Defendants' Response to Motion to Remand (Doc. 14) was filed without leave of court and is therefore **STRICKEN**.

In the Complaint, Plaintiff alleges that, in July 2022, it entered into an oral agreement for construction renovation with Defendants, by which Warson, Schlafly LLC and Schlafly hired Plaintiff to provide construction services, labor and materials related to property located at 1014 Laurel Street, Highland, Illinois. (Doc. 1-1, pp. 6–7 ¶¶3, 8–10). Under the agreement, Plaintiff was to convert the Property into a commercial place on the first floor and a residential apartment on the second floor (*Id.*, p. 7 ¶9). Plaintiff claims Defendants have yet to fully pay for the work performed (*Id.*, p. 7 ¶¶11–14). In December 2023, Plaintiff ceased construction after Defendants fail to respond to its invoice requests (*Id.*, p. 8 ¶¶18, 21). Plaintiff alleges that Warson is the owner and David Schlafly is the manager of the Property (*Id.*, pp. 6–7 ¶¶ 3, 7).

Plaintiff filed this action in the circuit court of St. Clair County, Illinois on October 2, 2024, asserting claims against all defendants for breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III), account stated (Count IV), and equitable lien (Count V). Plaintiff alleges that as a direct and proximate result of Defendants' breach, it has incurred damages in excess of $75,000. On November 6, 2024, Defendants Warson and Schlafly[2] removed the case to this Court (Doc. 1).

## Discussion

### Plaintiff's Motion to Remand (Doc. 9)

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). The party asserting federal jurisdiction carries the burden of establishing, by a preponderance of evidence, that jurisdiction exists. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

---

[2] According to Defendants Warson and Schlafly, Defendant Schlafly Illinois LLC had not been served when they filed the Notice of Removal (Doc. 10, p. 11). As of now, Defendant Schlafly Illinois LLC has not appeared in the case.

In the Notice of Removal, Defendants assert that Schlafly Illinois, LLC, now dissolved, had a sole member, the Saint Louis Brewery, LLC, whose members are citizens of Missouri and Maryland. Plaintiff, a citizen of Illinois for jurisdictional purposes, claims that Schlafly Illinois, LLC is a citizen of Illinois. Specifically, Plaintiff argues that the membership of an Illinois LLC is not public information and that Defendants' statement "the 'sole member' of Schlafly Illinois LLC is [t]he Saint Louis Brewery, LLC . . . [is] not supported by an Affidavit or Declaration or by any other evidence such as an operating agreement." (Doc. 9, p. 3 ¶10).

Courts generally regard clear assertions of diversity of citizenship as sufficient at this juncture. *Jenkins v. Fuchs*, No. 17C1462, 2018 WL 905507, at *2 (N.D. Ill. Feb. 15, 2018) (allegations that are not "vague or evasive in terms of the parties' citizenship" are "sufficient at this juncture to indicate diversity of citizenship"). Thus, contrary to Plaintiff's argument that Defendants did not submit a declaration or affidavit, the Court looks to the sufficiency of jurisdictional facts, and Defendants sufficiently and affirmatively state the citizenship of Schlafly. Absent evidence of bad faith or misrepresentation by Defendants, The Court declines Plaintiff's invitation to speculate regarding Schlafly Illinois, LLC's citizenship. Accordingly, Plaintiff's motion to remand is **DENIED**.

### Defendant's Motion to Dismiss (Doc. 13)

As a threshold matter, Defendant Schlafly asks the Court to consider the documents attached to his motion to dismiss or, in the alternative, to construe his motion as one for summary judgment motion under Rule 12(d). A court may consider a document at the Rule 12(b)(6) stage if "a complaint refers to and rests on a contract or other document that is not attached to the complaint", and if its authenticity is undisputed. *Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007) (citing *Tierney v. Vahle*, 304 F.3d 734, 738 39 (7th Cir.

2002)). Because Plaintiff challenges the foundation and authenticity of the documents (Doc. 15, pp. 2, 8), the Court declines to consider them. Moreover, because "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent" before a motion to dismiss may be converted into one for summary judgment, the Court will not consider the motion under Rule 12(d). Fed. R. Civ. P. 12(d); *Federated Mutual Ins. Co. v. Coyle Mechanical Supply Inc.*, 983 F.3d 307 (7th Cir. 2020).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.,* 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014).

### *Breach of Contract (Count I)*

"Under Illinois law, '[t]o state a cause of action for breach of contract a plaintiff must plead facts suggesting: (1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff.'" *Priebe v. Autobarn, Ltd.*, 240 F.3d 584 (7th Cir. 2001). Here, Plaintiff has sufficiently alleged a breach of contract claim under federal notice pleading standards. Plaintiff alleges it entered into an oral agreement with the defendants to perform remodeling, that it completed part of the work but ceased operations after Defendants failed to respond to its invoice

requests. Therefore, Schlafly's motion to dismiss Plaintiff's breach of contract claim is **DENIED**.

### *Unjust Enrichment (Count II)*

Under Illinois law, to state a claim of unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160 (Ill. 2012). However, when a plaintiff has asserted a contract claim, a claim of unjust enrichment must be plead in the alternative. *Hernandez v. Illinois Institute of Technology*, 63 F.4th 661, 671 (7th Cir. 2023).

In support of its unjust enrichment claim, Plaintiff simply "re-alleges and re-asserts paragraphs 1–26 of its Complaint" (Doc. 1-1, p. 9). Because Plaintiff does not plead unjust enrichment in the alternative as required, Defendant Schlafly's motion to dismiss is **GRANTED** as to this claim.

### *Quantum Meruit* **(Count III)**

Under Illinois law, the elements of quantum meruit "are the performance of services by the plaintiff, the receipt of the benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990). It is a quasi-contract doctrine that prevents "situations in which services are rendered, but no payment forthcoming." *Id*. A plaintiff may plead a breach of contract claim and a quantum meruit claim in the alternative under Rule 8. Fed. R. Civ. P. 8(d)(2)–(3). But "Illinois law does not permit a party to recover on

5

a theory of quasi-contract when an actual contract governs the parties' relations on that issue." *Keck Garrett & Assocs., Inc. v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008).

Here, Plaintiff "adopts and re-alleges paragraphs 1–34" relative to its breach of contract claim into Count III (Doc. 1-1, p. 10). As this is not sufficient to assert a quantum meruit claim in the alternative, the motion to dismiss is also **GRANTED** as to this claim against Defendant Schlafly.

### *Account Stated (Count IV)*

An "account stated" determines the amount of a preexisting debt when parties who previously have conducted monetary transactions agree that there truly is an account representing the transactions between them. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1137 (7th Cir. 2009). Where a party fails to object to an account invoice within a reasonable time, an account stated is established. See *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009)

Plaintiff alleges that an oral contract for construction remodeling existed between the parties; that Defendants agreed to pay the invoiced amounts, which was reinforced by partial payments; that Defendants failed to object to the invoices in question upon receipt of them; and that Defendants neither objected to the remaining invoices nor paid the remaining balance. These allegations are sufficient to plead a viable account stated claim. The motion to dismiss is therefore **DENIED** as to Count IV.

### *Equitable Lien (Count V)*

"The essential elements of an equitable lien are (1) a debt, duty or obligation owing by one person to another, and (2) a *res* to which that obligation fastens." *In re Brass kettle Rest., Inc.*, 790 F.2d 573, 575 (7th Cir. 1986). In this case, Plaintiff alleges that Warson, not Schlafly,

owns the property in question. Because Schalfly has no ownership interest in the property, the motion to dismiss is **GRANTED** as to this claim against Defendant Schlafly.

## Conclusion

For the foregoing reasons, the motion to remand (Doc. 9) is **DENIED,** and Defendant David Schlafly's motion to dismiss (Doc. 13) is **GRANTED in part**. Plaintiff's claims against Defendant Schlafly for unjust enrichment (Count II) and quantum meruit (Count III) are **DISMISSED without prejudice**; Plaintiff's equitable lien claim (Count V) against Defendant Schlafly is **DISMISSED with prejudice.**[3]

**IT IS SO ORDERED.**

**DATED:  April 24, 2025**

**STACI M. YANDLE**
**United States District Judge**

---

[3] The motion to continue (Doc. 19) the scheduling conference is **DENIED as moot**.